2000 ME 7

**BAKER'S TABLE, INC., et al.**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Argued Dec. 8, 1999.

Decided Jan. 19, 2000.

---

Karen Frink Wolf (orally), Harold J. Freidman, Evan Smith, Freidman Babcock & Gaythwaite, Portland, for plaintiff.

Charles A. Lane (orally), Associate Corporation Counsel, Portland, for defendant.

Before WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1] Joseph Soley and Baker's Table, Inc., d/b/a the Seamen's Club,[1] appeal from two judgments of the Superior Court (Cumberland County, *Cole, J.*) dismissing their claims against the City of Portland. The claims were included within a complaint that separately sought review, pursuant to M.R. Civ. P. 80B, of the City's actions related to its inspection and temporary closing of the restaurant. Baker's Table contends that the court erred as a matter of law when it dismissed the independent claims on the basis of a failure to comply with Rules 80B(d) and 80B(i). We vacate the dismissals.

**1.** We will refer to the appellants collectively as Baker's Table, and the restaurant itself will

## I. BACKGROUND

[¶ 2] The facts relevant to the matter before us are not in dispute. The Seamen's Club restaurant was inspected by the City on July 30, 1998, and received a score of 48 for numerous violations of the City Code. A passing score is 76 out of a total of 100. On August 5, 1998, the City ordered the Seamen's Club closed after another inspection in which the restaurant received a score of 60. Two days later, after being notified that the problems had been addressed, the City reinspected the restaurant and gave it a score of 91. The restaurant reopened. Following a September 16 inspection in which the restaurant received a score of 63, however, City Inspection Services Manager Michael Nugent petitioned the City Clerk to revoke the restaurant's food service license.

[¶ 3] On September 29, the City Clerk held a hearing on the petition. Based upon Baker's Table's estimate of the time necessary to complete a list of repairs, the Clerk ordered the suspension of the restaurant license for a period of ten days while repairs were to be made, following which another inspection would be performed. When it became apparent that the restaurant would be unable to make all of the required repairs within the ten-day period, Baker's Table asked that the license suspension be extended for only a brief additional period sufficient to complete the repairs. The City refused this request, and when repairs were not completed within the ten-day period, it suspended the license for an additional 90 days.

[¶ 4] Baker's Table appealed the Clerk's order to the City Manager on October 29, but thereafter Baker's Table and the City agreed to waive the hearing before the City Manager in order that an appeal could be filed in the Superior Court.

be referred to as the Seamen's Club.

[¶ 5] On December 4, Baker's Table filed a "Complaint Pursuant to Maine Rule of Civil Procedure 80B," seeking an injunction against enforcement and judicial review of the City Clerk's decision to revoke its license, and claiming, inter alia, that the Seamen's Club had been singled out by the City, that the City had falsely characterized the restaurant, and that the City had published defamatory statements regarding the restaurant. Accordingly, it included with its complaint for judicial review a number of independent claims for relief.[2] Baker's Table also moved for a temporary restraining order, which was denied after argument on December 4, 1998. The court established an expedited briefing schedule for the Rule 80B component of the complaint and on December 21, after a hearing, resolved the Rule 80B appeal by affirming the action of the City.

[¶ 6] Three days later, on December 24, the City filed its first motion to dismiss, arguing that Baker's Table's failure to file a motion to specify the future course of proceedings as required under M.R. Civ. P. 80B(i) required dismissal. The City followed this on January 8, 1999, with a second motion to dismiss for failure to file a motion requesting a trial of the facts pursuant to M.R. Civ. P. 80B(d). On January 19, the court docketed its expedited pretrial order, addressing the independent claims, which were the only matters that remained pending before the court. The order set out a schedule and procedure for discovery, required a conference of counsel, and addressed other administrative matters. On March 18, the City filed a third motion to dismiss on res judicata grounds.

[¶ 7] Following a hearing held on April 27, the court granted the City's second motion to dismiss, sanctioning Baker's Table for failure to file a motion to specify the future course of proceedings. Over Baker's Table's objection, the court on May 3 also granted the City's first motion to dismiss, based on Baker's Table's failure to file a request for trial of the facts. This appeal followed.[3]

## II. DISCUSSION

### A. Rule 80B(d)

[¶ 8] The court entered its first order of dismissal with prejudice based on Baker's Table's failure to file a motion requesting a trial of the facts pursuant to Rule 80B(d). M.R. Civ. P. 80B(d) provides in pertinent part:

> **Motion for Trial; Waiver.** If the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated. Such motion shall be filed within 30 days after the complaint is filed. The failure of a party to file said motion shall constitute a waiver of any right to a trial of the facts.

[¶ 9] The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action. Rule 80B(d) is not intended to allow the reviewing court to retry the facts that were presented to the governmental decision-maker,[4] nor does it apply to any independent civil claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts *not in the record* that are necessary to the appeal

---

2. These counts were (IV) violation of due process, (V) defamation, (VI) injurious falsehood, (VII) false light, (VIII) interference with advantageous economic relations, (IX) intentional infliction of emotional distress, and (X) negligent infliction of emotional distress.

3. The court has not ruled upon the City's third motion to dismiss. Therefore, we do not reach the City's claim that the court had an alternative basis for dismissing the complaint.

4. There are instances where the Superior Court finds facts de novo, such as when the court reviews a tax assessment. *See, e.g., Saucier v. State Tax Assessor*, 1998 ME 61, ¶ 3, 708 A.2d 281, 282. Because review in these types of cases is governed by special statutory

before the court. *See Palesky v. Secretary of State*, 1998 ME 103, ¶¶ 5–9, 711 A.2d 129, 131–132. For example, the complainant may augment the record if there are claims of ex parte communication or bias alleged, with sufficient particularity, to have had an effect on the fairness of the governmental proceedings, *see, e.g., White v. Town of Hollis*, 589 A.2d 46, 48 (Me. 1991) (holding Rule 80B(d) motion was properly denied because petitioner was not entitled to relief as a matter of law); *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me.1990) (holding "vague allegations" of bias insufficient); *Carl L. Cutler Co. v. State Purchasing Agent*, 472 A.2d 913, 918 (Me.1984) (holding "bare allegation" of "social friendship" insufficient). The record may also be supplemented with regard to certain subsidiary issues that, although not independent claims, nevertheless involve facts which are not in the record. See *Boisvert v. King*, 618 A.2d 211, 214 (Me. 1992) (holding a trial of the facts was required, on a Rule 80B(d) motion, where there was an issue regarding the timeliness of an appeal).[5]

■ [¶ 10] Here, because there were no facts extant outside the record that were relevant to the court's appellate review of the City's actions, Baker's Table

provisions, they are generally not subject to Rule 80B. *See* M.R. Civ. P. 80B(a).

5. A party's failure to obtain, or have made, a record of a proceeding that could have been recorded does not entitle that party to seek a trial of the facts.

6. Freedom of Access claims do seek review of governmental action but are an exception to this rule and have been the source of confusion. Until our decision in *Underwood v. City of Presque Isle*, 1998 ME 166, 715 A.2d 148, a plaintiff claiming a Freedom of Access violation was required to file a motion pursuant to Rule 80B(d) in order to present evidence to the Superior Court. *See Moreau v. Town of Turner*, 661 A.2d 677, 679 (Me.1995); *Palesky v. Town of Topsham*, 614 A.2d 1307, 1310 n. 3 (Me.1992) *Marxsen v. Board of Dirs., M.S.A.D. No. 5*, 591 A.2d 867, 871 (Me.1991).
   In *Underwood*, we expressly overruled *Marxsen* to the extent it required a Rule 80B(d) motion in order for evidence to be presented in a Freedom of Access case. We did so because 1 M.R.S.A. § 409(2) (1989)

did not seek a trial on the facts, nor was it required to do so. Nothing in Rule 80B(d) or law required it to file such a motion.

■ [¶ 11] The City insists, nonetheless, that a motion for a trial of the facts as to the independent claims was required by the rule, and therefore, in order to proceed with these claims, a motion under Rule 80B(d) was required. The City misapprehends the requirements of Rule 80B(d). The rule addresses the proposed introduction of "evidence that does not appear *in the record.*" M.R. Civ. P. 80B(d) (emphasis added). It controls the introduction of facts only when the court is engaged in the appellate review of governmental action. *Id.* The court does not act from a previously created record when it adjudicates the independent claims, nor is it engaged in an appellate review of governmental action as contemplated by the rule when it addresses the separate independent claims. When a complaint contains both types of claims, review of governmental action and independent civil claims, Rule 80B(d) applies only to those counts seeking review of governmental action.[6] The presentation of facts to the court on the independent causes of action will ordinarily be controlled by Rule 16 unless otherwise ordered by the court.[7]

provides a claimant a trial de novo in the Superior Court. *See Underwood*, 1998 ME 166, ¶ 22, 715 A.2d at 155; *see also Service & Erection Co. v. State Tax Assessor*, 684 A.2d 1, 2 (Me.1996) (holding no requirement of Rule 80B(d) motion in tax appeal where statute provides for trial de novo.) Although in *Underwood* we did not mention the two more recent cases that applied the *Marxsen* analysis, *Moreau* and *Palesky*, both were unquestionably overruled, sub silencio, as to this point. Similarly, the implication that a Rule 80B(d) motion was necessary in *Chase v. Town of Machiasport*, 1998 ME 260, 721 A.2d 636, was in error. *Id.* at ¶ 9 n. 4, 721 A.2d at 639 n. 4.

7. The City's confusion over the applicability of Rule 80B(d) reinforces the need for the complainant to file a motion requesting that the court specify the future course of proceedings. That motion must be filed within ten days of the filing of the complaint. If attended to expeditiously, any confusion regarding the process can be immediately addressed by the court.

[¶ 12]   Thus, because Baker's Table had no occasion or responsibility to file a motion pursuant to Rule 80B(d), the court erred in concluding that failure to move for a trial of the facts on the independent claims constituted grounds for the dismissal of those claims.

## B.   Rule 80B(i)

[¶ 13]   The court entered its second order of dismissal based on Baker's Table's failure to comply with Rule 80B(i), requiring the complainant to request that the court specify the future course of the proceedings.   There is no question that Rule 80B(i) applied to these proceedings.[8]

[¶ 14]   When a complaint seeking review of governmental action is combined with one or more counts alleging causes of action that are independent of the court's review of the governmental action, the court will be called upon to act in two distinct capacities—as an appellate court and as a trial court.   Because of the distinction in the nature of the claims, the procedure for resolution of the claims will differ as well.   Thus, the rules require that the party filing a combined complaint must immediately seek an order from the court specifying the future course of the proceedings in order to avoid confusion in the processing of the complaint.   *See* M.R. Civ. P. 80B(i).   The motion must be filed within ten days after the filing of the complaint.   *See id.*

■   [¶ 15]   Here, because of the urgent nature of the relief sought by Baker's Table, the court met with the parties and their counsel on the day that the complaint was filed.   On that day, the court denied the request for a preliminary injunction, set out an expedited briefing schedule for the Rule 80B portion of the complaint, and indicated that the remaining independent claims would proceed in due course.   Because of the court's expeditious handling of the matter, and because the court immediately established an expedited briefing and hearing schedule for the Rule 80B portion of the complaint, Baker's Table believed that it had been relieved of the responsibility to file a request to specify the future course of the proceedings pursuant to Rule 80B(i).   The court did not, however, explicitly relieve Baker's Table of that obligation.   In the absence of such relief, Baker's Table was required to file the motion on or before December 14, 1998, and its failure to do so exposed it to the risk of sanctions by the court.   The City sought those sanctions by filing its second motion to dismiss alleging the failure to comply with Rule 80B(i).

■   [¶ 16]   Unlike Rule 16, Rule 80B does not expressly provide for dismissal with prejudice as a sanction for failure to comply with any of its provisions.   *Compare* M.R. Civ. P. 16(h) *with* M.R. Civ. P. 80B(h).   *See also, e.g.,* M.R. Civ. P. 11, 37. Nonetheless, the court has the inherent authority to sanction a party's failure to comply with the rules.[9]   In exercising its

---

8.   M.R. Civ. P. 80B(i) provides:

**Joinder With Independent Action.**   If a claim for review of governmental action is joined with a claim alleging an independent basis for relief from governmental action, the complaint shall contain a separate count for each claim for relief asserted, setting forth in each count a concise statement of the grounds upon which the plaintiff contends the plaintiff is entitled to relief and a demand for the relief sought.   A party in a proceeding governed by this rule asserting such an independent basis for relief shall file a motion no later than 10 days after the filing of the complaint, requesting the court to specify the future course of proceedings, including the timing of briefs and argument and the scope and timing of

discovery and other pretrial proceedings including pretrial conferences.   Upon the filing of such a motion, the time limits contained in this rule shall cease to run pending the issuance of an appropriate order of court.   After hearing, the court shall issue such order.

9.   In addition to the explicit power to sanction granted in Rules 11, 16, and 37, the Rules of Civil Procedure allow for specific sanctions in a number of instances.   *See, e.g.,* M.R. Civ. P. 3 (allowing dismissal if complaint or return of service is not timely filed); M.R. Civ. P. 7(b)(5) (allowing sanctions for frivolous motions); M.R. Civ. P. 7(c)(3) (providing that failure to file a timely opposition to a motion constitutes waiver); M.R. Civ. P. 26(g) (allowing sanctions for failure to make good faith

discretion to determine what, if any, sanction should be imposed for a violation of the rules of procedure, the court must, in effect, fit the punishment to the crime. "Although the trial court's discretion to choose an appropriate sanction is broad, when a court imposes a 'drastic' sanction such as dismissal or default we will closely scrutinize the court's decision." *Saucier v. State Tax Assessor*, 1998 ME 61, ¶ 6, 708 A.2d 281, 283.

[¶ 17] In determining the appropriate sanction to be imposed upon a party for failure to comply with the rules, the court should take into account the purpose of the specific rule at issue, the party's conduct throughout the proceedings, the party's *bona fides* in its failure to comply, prejudice to other parties, and the need for the orderly administration of justice. *See, e.g., Estate of Dineen*, 1998 ME 268, ¶ 11, 721 A.2d 185, 188 (holding sanctions were appropriate where party filed motions merely for purposes of delay); *Ricci v. Delehanty*, 1998 ME 231, ¶ 15, 719 A.2d 518, 522 (holding sanctions were appropriate due to prejudice imposed on other party from failure to disclose subject matter of expert testimony); *Longley v. Knapp*, 1998 ME 142, ¶ 8, 713 A.2d 939, 942 (holding sanctions were appropriate when a party's failure to turn over materials in response to a discovery request prejudiced the opponent); *Fraser Employees Fed. Credit Union v. Labbe*, 1998 ME 71, ¶ 9, 708 A.2d 1027, 1030 (holding sanctions were appropriate when excessive responsive pleadings were filed for purposes of delay); *Saucier*, 1998 ME 61, ¶ 6, 708 A.2d at 283 (holding good faith belief that re-

view would be stayed by bankruptcy filing made dismissal an improper sanction); *Spickler v. York*, 566 A.2d 1385, 1388–89 (Me.1989) (holding sanctions were appropriate when the party had no reasonable justification for his repeated failures to designate an expert). Because the trial court must weigh these factors and is in a unique position to understand the effects of the failure to comply, both general and specific, we review the court's decisions to impose sanctions for abuse of discretion. *See Employee Staffing · of Am., Inc. v. Travelers Ins. Co.*, 674 A.2d 506, 508 (Me. 1996).

[¶ 18] Here, the court granted the City's motion to dismiss without comment. We must determine whether the court acted within the bounds of its discretion when it sanctioned Baker's Table's error by dismissing all remaining claims with prejudice. We look first to the purpose for the rule. The reason for the requirement that a party move for an order "specifying the future course of proceedings," M.R. Civ. P. 80B(i), is to avoid confusion, delay, or duplication of effort regarding the different types of proceedings before the court and to assure that "both the parties and the court will focus on the separate independent claim[s]." Me. Rptr., 459–466 A.2d XLVI. The purpose of the order to be issued is to "prevent confusion concerning the capacity in which the court is acting." *See id.*

[¶ 19] Although Baker's Table did fail to file the Rule 80B(i) motion as required by that rule, its failure to do so, in light of the actions already taken by the court, had no discernable effect on the matters pending before the court.[10] The court had, in

efforts to resolve discovery disputes); M.R. Civ. P. 30(b)(2) (allowing sanctions for improper certification of a deposition); M.R. Civ. P. 30(d)(2) (allowing sanctions for "impediment[s], delay[s], or other conduct that has frustrated the fair examination of the deponent"); M.R. Civ. P. 30(d)(3) (allowing termination of a deposition for bad faith or an attempt to annoy, embarrass, or oppress the deponent or other party); M.R. Civ. P. 4(c)(1) (allowing sanctions for the imposition of an undue burden or expense upon a person to

which a subpoena has been served); M.R. Civ. P. 73(b) (allowing the Law Court to sanction for frivolous appeals).

Separately, the court may, under its contempt power, sanction for "failure to comply with a lawful judgment, order, writ, subpoena, process, or formal instruction of the court." M.R. Civ. P. 66(a)(2)(A)(ii).

10. *Cf. Lynch v. Town of Kittery*, 473 A.2d 1277, 1280 & n. 5 (Me.1984) (noting failure to

fact, entered orders directly addressing the future course of the proceeding by setting out an expedited briefing schedule for the Rule 80B counts, by establishing an early hearing date for oral argument on those counts, and by indicating that the independent matters would proceed, after resolution of the Rule 80B counts, in due course.[11] In sum, there was little if anything for the court to address in response to a Rule 80B(i) motion after it met with the parties on December 4. Although, in the absence of a court order excusing it from its obligations under Rule 80B(i), Baker's Table should have filed its motion nonetheless, its failure to file the motion did not delay the proceedings, did not result in confusion, and did not result in any discernable prejudice to the City. Nor did it reflect a pattern of conduct in the litigation before the court. Moreover, the only matters that remained pending following the court's affirmance of the City's actions on the Rule 80B portion of the complaint, on December 21, 1998, were the independent claims. By the date of the hearing on the City's motions to dismiss, the court had issued a thorough pretrial scheduling order addressing the anticipated course of proceedings for those claims.[12]

[¶ 20] Given the court's expeditious action in addressing the future course of the proceedings on the very day that the complaint was filed, and in entering the pretrial scheduling order addressing the independent claims, Baker's Table's error in failing to file the Rule 80B(i) motion did not constitute a sufficiently egregious failure to comply with the rules that dismissal with prejudice of the independent claims was warranted. We conclude, therefore, that the court exceeded the bounds of its discretion in entering the dismissal based on Baker's Table's failure to file the Rule 80B(i) motion.

The entry is:

Judgments of dismissal vacated.

address independent actions through motion to sever or motion to specify future course may result in dismissal).

11. The court followed through on that indication when it sent out the standard pretrial scheduling order related to the independent action on January 14, 1999.

12. The pretrial scheduling order placed a limit on the time for discovery, ordered that the case be put on the nonjury trial list, required that the parties conference with regard to witnesses, exhibits, and other matters, and specified the rules that would govern discovery procedure. The City did not object to the entry of the pretrial scheduling order and does not dispute that the court's role as an appellate tribunal had ceased with the entry of its order on December 18, 1998.