STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV03-453

MEDICAL MUTUAL INSURANCE
COMPANY OF MAINE, PATRICK A.
DOWLING, M.D., WILLIAM L. MEDD,
M.D., TERRANCE J. SHEEHAN, M.D.,
JOHN P. DOYLE, MICHAEL L. MCCALL,
and DOMENIC J. RESTUCCIA,

Plaintiffs

v.

MAINE BUREAU OF INSURANCE, and
ALLESSANDRO A. JUPPA in his capacity as
Superintendent of Insurance,

Defendants

DECISION AND ORDER

The defendants move to dismiss Counts I and III of the plaintiffs' Complaint under Maine Rule of Civil Procedure 12 and move to alter or amend the scheduling order issued by the court.

## FACTS

In this case, a doctor who was a policyholder requested information from Medical Mutual Insurance Company of Maine (Medical Mutual) regarding the salaries of highly-compensated employees. This information is contained in a document called the Supplemental Compensation Exhibit, which is a standard form filed by insurers with their annual report to the Superintendent of Insurance (Superintendent). Medical Mutual argued that this information should remain confidential. The Superintendent allowed the doctor and Medical Mutual to submit arguments as to why this information should or should not be divulged. The Superintendent then decided that the information should be made available to the general public.

## DISCUSSION

In this case, the defendants move to dismiss, under Rule 12, Count I (Appeal of Freedom of Access Decision) and Count III (Declaratory Judgment Act) from Plaintiff's Complaint. Me. R. Civ. P. 12 (2003). The defendants argue that Count I should be subsumed in Count II (80C Appeal). The defendants further argue that this court has no jurisdiction to decide the declaratory judgment action, but only has jurisdiction to decide the 80C review. The defendants also argue that the independent claim of the plaintiffs should be dismissed for failure to follow the scheduling procedure prescribed in Rule 80C(i). Finally, the defendants argue that the Scheduling Order, issued on September 12, 2003, should be rescinded because it is inapplicable to a Rule 80C review. The plaintiffs argue that there is an independent claim under 1 M.R.S.A. § 409; that the plaintiffs have a legitimate claim under the Declaratory Judgment Act; and that the court should not alter or amend the Scheduling Order.

Review of decisions by agencies are governed by Maine Rule of Civil Procedure 80C. This Rule states that review of agency decisions is subject to the Rules of Civil Procedure as modified by Rule 80C. In this case, the Plaintiffs are petitioning for review of a decision of the Maine Bureau of Insurance; namely, the decision to make the Supplemental Compensation Exhibit available to the general public. In the federal context, an analogous cause of action is known as a "reverse Freedom of Information Act" challenge. See Chrysler Corp. v. Brown, 441 U.S. 281, 285 (1979).[1] The federal Freedom of Information Act (FOIA), like the Maine Freedom of Access (FAA) statute, allows for an action to compel an agency to disclose information. 5 U.S.C. § 552(a)(4)(B) (2003); 1 M.R.S.A. § 409(1) (2002). The statutes, however, do not have a cause of action

---

[1] See Shaw v. Jendzejec, 1998 ME 208, ¶4, 717 A.2d 367, 369 (stating that it is "routine practice" for the Law Court to utilize how other jurisdictions interpret similar statutes in deciding cases).

2

to enjoin an agency from disclosing information. Id. This decision must be attacked under the federal Administrative Procedures Act (APA) in the case of a reverse-FOIA challenge, or under the Maine Administrative Procedures Act (MAPA) in the case of the FAA. See Brown, 441 U.S. at 290-94; OSHA DATA/CIH, Inc. v. United States Dep't of Labor, 220 F.3d 153, 160 (3d Cir. 2000); RSR Corp. v. Browner, 1997 U.S. App. LEXIS 5523, at *6-7 (2d Cir. 1997); Pacific Architects and Engineers, Inc. v. United States Dep't of State, 906 F.2d 1345, 1348 (9th Cir. 1990); Acumenics Research & Tech. v. United States Dep't of Justice, 843 F.2d 800, 804 (4th Cir. 1988).

Further, the Supreme Court has interpreted the APA to allow de novo review of an adjudicatory action in very limited situations. See, Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971). Section 11007 of the MAPA provides the manner and scope of review for a court. 5 M.R.S.A. § 11007. Section 11007 does not include, nor has it been interpreted to include, trial de novo. Therefore, this court will proceed on the 80C review and Count I of the complaint is dismissed.[2]

With regard to the action under the Declaratory Judgment Act, when the Superior Court reviews a complaint which collaterally attacks an agency decision, the court must determine whether there is the possibility of irreparable harm. "Under the principles of res judicata, when an administrative determination becomes final, the Superior Court should not, through a request for declaratory judgment, grant a

[2] Plaintiffs in this case argue that footnote 6 in Baker's Table, Inc. v. Portland, 2000 ME 7, ¶11 n. 6, 743 A.2d 237, 241, is controlling in this case. That case, and those cases cited in footnote 6, addresses cases where section 409(2) of the FAA is at issue, i.e., where government entities are accused of promulgating "ordinances, orders, rules, resolutions, regulations, contracts, appointments or other official action in an executive session." 1 M.R.S.A. § 409(2) (emphasis added). That section gives a right to "trial de novo" upon petition for review to the Superior Court where decisions have been made in secret, thereby violating the purposes of the FAA. Section 409(1) only allows this right for review of decisions to deny access to information. In this case, the parties have argued that section 409(1) is the applicable section, which centers around the disclosure of records. Those cases cited above relating to the federal FOIA are therefore analogous and persuasive.

collateral review on the merits of the administrative determination unless direct judicial review, as provided by statute, is inadequate to prevent irreparable injury." Me. Central R.R. Co. v. Town of Dexter, 588 A.2d 289, 292 (Me. 1991). If there is no way to prevent irreparable harm within the usual mode of review, the action under the Declaratory Judgment Act should survive. Id. In this case, the court has ordered, as agreed by the parties, that the Supplemental Compensation Exhibit shall remain confidential pending the outcome of this review. Irreparable harm is avoided in this respect and the plaintiffs are afforded an opportunity to review the decision of the Bureau of Insurance. The court will not, without proper briefing and argument, second-guess the decision of the agency. See Imagineering, Inc. v. Dept. of Prof'l & Fin. Regulation, 593 A.2d 1050, 1053 (Me. 1991). Count III of the plaintiffs' complaint should be dismissed.

As this case is in essence an 80C review of final agency action, the Scheduling Order should be modified to be consistent with the briefing schedule set forth in that Rule. Therefore, the plaintiffs in this shall have 40 days from the date of this Decision and Order to file their Rule 80C brief. The defendants will have 30 days after service of the plaintiffs' brief to respond with their brief. The plaintiffs will then have 14 days after the service of the defendants' brief to file a reply brief.[3]

WHEREFORE, this court GRANTS the defendants motion to dismiss as to Counts I and III. The court further ORDERS that those portions inconsistent with Maine Rule of Civil Procedure 80C be struck, and this case proceed as an 80C Review of Final Agency Action consistent with this Decision and Order.

---

[3] As the court has resolved that this case will be resolved as an 80C review the court will not consider the defendants' arguments about Rule 80C(i).

Dated: December 12, 2003

Roland A. Cole
Justice, Superior Court

5

THOMAS STURTEVANT ESQ
83 EDISON DRIVE
AUGUSTA ME 04333

WILLIAM HARWOOD ESQ
PO BOX 586
PORTLAND ME 04112