STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-020

Marek A. Kwasnik,
      Petitioner

v.

**ORDER**

State of Maine Unemployment Insurance
Commission, and Barber Foods, Inc.,
Steven Barber, Gregory Burgess,
      Respondents

---

This case come before the court on Plaintiff Marek A. Kwasnik's Joinder of

Independent Cause, and on Defendant State of Maine Unemployment Insurance

Commission's Motion to Dismiss.

## FACTS

Plaintiff was employed at Barber Foods, Inc., from September 4, 2002,

until his discharge on November 1, 2002. He applied for, and is entitled to

receive unemployment benefits. The Department of Labor, Division of

Administrative Hearings (DHA), held a hearing on January 14, 2004 to determine

whether Barber Foods was chargeable for those benefits, or whether the Plaintiff

was discharged for misconduct. Barber Foods maintained the Plaintiff was

discharged because of his abrasive demeanor and violation of safety procedures.

Plaintiff asserted he was discharged because of his association with a former co-

worker who had sued Barber Foods. The DHA found for Barber Foods. As a

result, Plaintiff was disqualified from receiving unemployment benefits until he

earned four (4) times his weekly benefit amount from another employer.[1] On April 9, 2004, the DHA decision was affirmed and adopted by the Maine State Unemployment Insurance Commission (UIC).

On May 10, 2004, Plaintiff filed a petition seeking to reverse the UIC decision and requesting a jury trial. Plaintiff seems to be particularly concerned with removing adverse entries in his "state employment record." He also asserted 42 U.S.C. § 1983 claims, due process violations, and defamation. Plaintiff asked the court to determine the constitutionality of Maine's statutory definition of employee "misconduct" in 26 M.R.S.A. § 1043 (23).[2]

On May 20, 2004, Plaintiff filed a timely Motion of Joinder with Independent Action, appearing to assert a claim under 42 U.S.C. § 1983 against Barber Foods' officer Steven Barber, and supervisor Gregory Burgess. Plaintiff also asked that any adverse entry in Plaintiff's state employment record resulting from his employment at Barber Foods be removed.

On June 11, 2004, Defendant UIC filed a Motion to Dismiss Plaintiff's independent claims and opposed Plaintiff's Joinder of Independent Action.

---

[1] 26 M.R.S.A. § 1193 (2) (1988).
[2] Under the statute,
> 'Misconduct' means a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer. This definition relates only to an employee's entitlement to benefits and does not preclude an employer from discharging an employee for actions that are not included in this definition of misconduct. . . A. The following acts or omissions are presumed to manifest a disregard for a material interest of the employer. If a culpable breach or pattern of irresponsible behavior is shown, these actions or omissions constitute "misconduct" as defined in this subsection . . . (2) Unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced; (3) Unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment; . . .

26 M.R.S.A. § 1043 (23) (Supp. 2003).

2

Defendants Barber Foods, Inc., Steven Barber, and Gregory Burgess have not responded to these motions.

## DISCUSSION

### I. Plaintiff's 80C Joinder With Independent Action

Maine Rule of Civil Procedure 80C allows plaintiffs to petition to join independent claims for relief to a review of a final agency action. M.R. Civ. P. 80C(i). The Maine Law Court has noted that when joinder with independent action is allowed, "the court will be called upon to act in two distinct capacities- as an appellate court and as a trial court." Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 14, 743 A.2d 237, 242 (discussing a parallel provision at M.R. Civ. P. 80B(i)). Because of this distinction, the procedure for resolution of the separate claims will differ. "Thus, the rules require that the party filing a combined complaint must immediately seek an order from the court specifying the future course of the proceedings in order to avoid confusion in the processing of the complaint." Id. Petitioner must allege a separate count for each independent claim of relief asserted, "setting forth the facts relied upon, the legal basis of the claim, and the relief requested." M.R. Civ. P 80C (i).

Allowing for Plaintiff's limited proficiency in written English, the court nonetheless finds no claim in Plaintiff's Joinder petition that is not already asserted in his petition for a Rule 80C review. In a Rule 80C appeal, the court may review claims that an agency decision was "(1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion." 5 M.R.S.A. § 11007 (4) (C)

(2002). Plaintiff's Joinder petition appears to assert two claims, one for removal of adverse statements from his state employment history, and one against Defendants Steven Barber, and Gregory Burgess for using pretext to dismiss the Plaintiff under 42 U.S.C. § 1983. Neither claim is properly asserted, nor are facts and law relied upon included in any but the most cursory way.

Leaving aside the validity of these claims, both would seem to have been asserted in Plaintiff's petition for an 80C appeal. Plaintiff's § 1983 claim against the Barber Foods Defendants appears at pages 3 and 4 of his 80C petition. Plaintiff does not specifically claim in his 80C petition that the misconduct finding in his employment record should be removed, but Plaintiff asks that the decision of the DHA including that finding be reversed, accomplishing the same. Because both claims fall within the scope of a Rule 80C appeal, joinder of either claim would be duplicative.

## II.  Defendant UIC's Motion to Dismiss Plaintiff's Independent Actions

A Motion to Dismiss is examined in a light most favorable to the plaintiff to determine whether plaintiff's complaint "sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 7, 843 A.2d 43, 46 (citation omitted). When deciding a motion to dismiss for failure to state a claim upon which relief may be granted, "the material allegations of the complaint must be taken as admitted." Id. at 47 (citation omitted).

Here Plaintiff's independent claims are admittedly difficult to decipher given his limited proficiency in written English. Nonetheless, Plaintiff's claim against Barber Foods president Steven Barber and supervisor Gregory Burgess,

4

his former employers, are a claim for which relief cannot be granted on an appeal under Rule 80C. Although Barber officials may have used pretext to fire the Plaintiff as he alleges, a Rule 80C appeal allows claims against the actions of government agencies only.[3] Barber Foods, Steven Barber and Gregory Burgess are not government or agency actors; they are private actors. As parties to the original administrative procedure, Barber Foods, Barber, and Burgess are entitled to appear and participate in any 80C appeal, but are not properly charged as Defendants in this appeal.

**WHEREFORE** this Court **DENIES** Plaintiff Marek A. Kwasnik's Petition for Joinder with Independent Action, and **GRANTS** Defendant Maine Unemployment Insurance Commission's Motion to Dismiss Plaintiff's cause of action against Defendants Barber Foods, Steven Barber, and Gregory Burgess on Plaintiff's 80C appeal.

This court further **ORDERS** the parties to file an administrative record within ten (10) days of the service of this order.

Date_ October 4, 2004

Roland A. Cole
Justice, Superior Court

---

[3] Rule 80C Review is governed by the Administrative Procedures and Services Act which confines judicial review to claims raised by "any person who is aggrieved by *final agency action* . . . by the failure or refusal *of an agency* to act." 5 M.R.S.A. § 11001 (1), (2) (emphasis added). Rule 80C refers to its scope of review as "review of final agency action or the failure or refusal of an agency to act provided by 5 M.R.S.A. § 11007 (2) through § 11007 (4)." M.R.Civ. P. 80C(c).

ELIZABETH WYMAN AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333

MAREK KWASNIK
99 SWETT ROAD
WINDHAM ME 04062