STATE OF MAINE                                      SUPERIOR COURT
                                                    CIVIL ACTION
CUMBERLAND, ss.                                     DOCKET NO: AP-05-089

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT
MAY 24 2006
RECEIVED

PAUL GALLANT,                      *
                                   *
        Petitioner                 *
                                   *
    v.                             *            ORDER ON MOTION
                                   *            FOR A TRIAL OF THE
DOUGLAS and LEAH KIELEY,           *            FACTS
JOAN MORTON,                       *
and the CITY OF WESTBROOK,         *
                                   *
        Respondent                 *

This case comes before the Court on Petitioner Paul Gallant's motion for a

limited trial of the facts pursuant to M.R. Civ. P. 80B(d), in this administrative

appeal of the decision of the Zoning Board of Appeals of the City of Westbrook

denying Petitioner's appeal and affirming the issuance of two building permits

for Respondents Joan Morton and Douglas and Leah Kieley.

## FACTUAL BACKGROUND

In October 2005, the Code Enforcement Officer ("CEO") of the Town of

Westbrook issued two building permits, one to the Mortons and one to the

Kieleys. Both applicants have lots at the end of Austin Street in Westbrook. In

order to obtain the proper street frontage for building permits, the Board found

that the Kieley driveway provides access to the Kieley lot from Austin Street, and

the Mortons have access to Austin Street over Adams Way, a private right-of-

way over their daughter's property. When the Board considered the validity of

the building permits, it was under the assumption that Austin Street was a public

street. Recently, however, Petitioner discovered a copy of the 1997 Westbrook City Council Resolution # 72 "Reaffirming Status of Austin Street Extension," which confirms that the Austin Street is a private way. The discovery of this document forms the basis of this motion for a trial of the facts.

## DISCUSSION

Petitioner contends that the Board found Austin Street to be a public street and not to have been extended based on the erroneous assertions of the CEO.[1] Petitioner maintains that Austin Street is a private way until it turns to gravel, at which point it is a substandard private way. He contends that the Kieley driveway is merely an extension of Austin Street and cannot be the basis for frontage on the Kieley lot. Ordinance § 502.5(C)(1)(c).[2] He further contends that Adams Way, the street used for frontage on the Morton lot, does not meet the standards set out in § 502.5(C)(1)(c) of the Ordinance, and therefore cannot provide the necessary frontage for the Morton lot. In sum, he argues that because the Morton and Kieley properties are not located on a private or public way that meets the standards of the Ordinance, the issuance of the building permits to the applicants violates the Ordinance.

In response, Respondents first contend that a diligent search of the City records would have revealed Resolution # 72. They assert that Petitioner cannot

---

[1] At hearing, the City argued that relevant portions of Austin Street had been taken by the City by prescription, which transformed Austin Street from a private way to a public street.

[2] Section 502.5(C)(1)(c) of the Ordinance provides:

> Dead End Streets and Private Rights-of-Way. A dead-end street or private way shall have a maximum length of 800 feet with either a cul-de-sac with a minimum turning radius of 35 feet or a T-intersection utilizing a 30 foot x 30 foot hammerhead. A dead end street, either public or private, may not begin from any point along another existing or proposed dead end street. As private right of way may only be taken off a City Street, while a driveway may be taken off either a private right of way or a City street. (Ord. of 03-07-05).

2

have a second bite of the apple merely because he discovered the information too late. Second, and most importantly, Respondents contend that whether Austin Street is a public street or a private way is irrelevant to the issuance of the permits. Ordinance § 202.13.[3]

Under the provisions of M.R. Civ. P. 80B(d), a party may seek a trial of the facts "to permit introduction of evidence that does not appear in the record of governmental agency action and that is not stipulated." A party filing a motion under this section must include with it a detailed statement in the nature of an offer of proof of the evidence that the party intends to introduce at trial, as well as the proposed Rule 80B record. M.R. Civ. 80B(d),(e).

> The purpose of this rule is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action. Rule 80B(d) is not intended to allow the reviewing court to retry the facts that were presented to the governmental decision maker, nor does it apply to any independent claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts not in the record that are necessary to the appeal before the court.

*Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237, 240-41 (emphasis added).

In this case, it is clear that Resolution # 72 was not in the record before the ZBA. The pertinent question then becomes whether this information is necessary to the appeal before this Court.[4]

Here, the Board found that the Kieleys acquired land from Mr. Thomas to

---

[3] "A lot is a parcel of land of at least sufficient size to conform to minimum zoning requirements for use, coverage, and associated factors, and to provide such yards and other open spaces as are herein required. The lot must have the minimum lot width for its particular zoning district fronting on a public or private right-of-way." Ordinance § 202.13 (emphasis added).

[4] Apart from Resolution #72, Mr. Gallant also seeks to introduce additional documents, including property deeds and plans related to the properties. Because these documents could easily have been presented to the Board, the motion for a trial of the facts is denied as to these documents.

3

obtain frontage on Austin Street, and that the Kieley driveway was not an extension of Austin Street. (Minutes p. 18). The Board further found that the Mortons gained frontage via a private right of way leading to Austin Street. (Minutes p. 18). Contrary to Petitioner's contention, these findings are supported by testimony from the applicants and other neighbors. This Court will not second-guess these findings.

Thus, the remaining question is whether, under the facts found by the Board, the permits comply with the Ordinance. The Ordinance clearly states that a lot may front a public or private right-of-way as long as it has the minimum lot width for its particular zoning district. Ordinance § 202.13. Notwithstanding, Petitioner relies on § 502.5(C)(1)(c) to argue that Austin Street and Adams Way are substandard private ways and therefore cannot provide street frontage for the applicants' lots. However, § 502.5(C)(1)(c) was enacted and became applicable on March 7, 2005. Adams Way was created before March 7, 2005, (Minutes p. 8), before the enactment of § 502.5(C)(1)(c). As such, section 502.5(C)(1)(c) does not apply to Adams Way. Furthermore, the Board specifically found that the Kieley driveway was not an extension of Austin Street, and that the Kieleys have frontage on Austin Street, a private way.

Accordingly, because a lot may have frontage on a public or a private way, Resolution # 72, the determination that Austin Street is a private way, is not necessary for the determination of this appeal.

The entry is as follows:

Petitioner's Motion for a Trial on the Facts is DENIED.

DATE: May 23, 2006

Roland A. Cole
Justice, Superior Court

5

Date Filed ___11/23/05___       CUMBERLAND       Docket No. ___AP-05-89___

                                      County

Action __80B APPEAL__

PAUL GALLANT

                            CITY OF WESTBROOK SUBSTITUTES
                         ~~WESTBROOK ZONING BOARD OF APPEALS~~

                         DOUGLAS KIELEY
                         LEAH KIELEY
                         JOAN MORTON

                     vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>465 AUSTIN STREET<br>WESTBROOK, ME 04092<br><br>John Philbrick Esq<br>136 Baxter Blvd.<br>Portland ME 04101 | WILLIAM DALE, ESQ.    DAVID LOURIE, ESQ<br>NATALIE BURNS, ESQ.   189 SPURWINK AVE<br>PO BOX 4510           C. ELIZABETH, ME<br>PORTLAND, ME 04112    04107  (Kieley)<br>775-7271               799-4922 (Both )<br>                           (Morton) |

Date of

STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO: AP05-089
                                                        RAC-Cum - 2/00/2006

PAUL GALLANT

DONALD L. GARBRECHT
LAW LIBRARY

JAN 17 2007

                    Plaintiff                           ORDER ON PLAINTIFF'S 80B
                                                        APPEAL  STATE OF MAINE
        v.                                                      Cumberl        Office
                                                                    SU

CITY OF WESTBROOK, et al.

                    Defendants                          RECEIVED

This matter comes before the Court on Paul Gallant's 80B appeal of

administrative action taken by the City of Westbrook.

## BACKGROUND

Paul Gallant ("Gallant") resides at 465 Austin Street in Westbrook, Maine.

Defendants Joan Morton ("Morton") and Douglas and Leah Kieley ("the

Kieleys") also have lots on or near Austin Street Extension. The Kieleys' lot

fronts on Austin Street Extension, and Morton's lot has access via a private right-

of-way called Adams Way, which had been approved by the City prior to a

March 2005 change in the ordinance. Morton and the Kieleys applied to the City

of Westbrook seeking building permits, which were approved by the City's Code

Enforcement Officer ("CEO") on October 12, 2005. Gallant appealed this

decision to the Zoning Board of Appeals ("ZBA") on October 17, 2005, but his

appeal was denied at an administrative hearing held on November 2, 2005.

Gallant filed an 80B appeal against the City of Westbrook, the Kieleys, and

Morton in this Court on November 23, 2005. He alleges, as he did before the

1

ZBA, that the building permits should not have been granted because permitting development on Austin Street without proper frontage would impact residents' safety in violation of the City's zoning ordinance. He also argues that the Kieleys are impermissibly extending Austin Street by constructing a turnaround.

After filing his 80B complaint, which he amended to include Morton and the Kieleys, Gallant moved for a limited trial on the facts pursuant to Rule 80B(d) because he discovered information arguably indicating that Austin Street was not a public way, as the City had assumed, but was a private way. This Court denied that motion on May 23, 2006, finding that whether Austin Street is a public or private way is irrelevant to this 80B appeal.

## DISCUSSION

### 1. Standard of Review.

Review of a Board of Appeals' findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶ 8, 865 A.2d 555, 558. This Court is "limited to determining whether the record contains evidence to justify the Board's determination." *Lewis v. Maine Coast Artists*, 2001 ME 75, ¶ 14, 770 A.2d 644, 650. The party appealing the zoning board's decision bears the burden of persuasion. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996).

### 2. Safety and Frontage Requirements in the Zoning Ordinance.

The City of Westbrook's Zoning Ordinance § 101.1 articulates the City's general goal of protecting the "health, safety, and general welfare" of City residents, and this commitment to Westbrook citizens is restated as it pertains to development within the City in § 601.1. Another provision relevant to this appeal is § 202.13 of the ordinance, which provides that lots "must have the

minimum width for [their] particular zoning district fronting on a public or private right-of-way." The CEO is invested with the authority to issue building permits under § 603.1, and site plan review is not required prior to issuance of a permit, § 504.1.

At the November 2005 hearing, Gallant argued that Morton and the Kieleys did not have the appropriate amount of frontage on Austin Street[1] and Adams Way, which is a private right-of way. He contended that the proposed buildings would negatively impact the safety of residents in the area in contravention of the ordinance. There is no evidence in the record, however, to support this contention or warrant overturning the Board's findings on this basis. Gallant provided no tangible connection between the frontage requirements in the ordinance and the safety of residents. There is no apparent conflict between the various provisions of the ordinance as they pertain to these permits.

Additionally, as it approved a motion to deny the appeal, the ZBA found that both the Kieley and Morton lots satisfied the City's frontage requirements and upheld the building permits, providing the justification for its decision required under *Lewis*. Gallant has not met his burden to prove that the evidence before the ZBA was insufficient to support its decision as to frontage or safety. The ZBA's findings regarding appropriate frontage to support the permits are therefore affirmed.

---

[1] There was also some debate about whether Austin Street was a public or a private road. Gallant said it had been a private road, and the City countered that it was a public road because the City had been maintaining it. As this Court has already held that the public v. private status of the road is irrelevant to resolving the issues on appeal, this will not be discussed in detail.

3. Extension of Austin Street.

Most of the debate in this case revolves around whether Austin Street would be improperly extended by improving a turnaround to accommodate the Morton and Kieley construction projects. At the hearing, the CEO testified that the Kieleys initially intended to extend the street, but when they learned about the ramifications of doing that, they decided instead to acquire abutting land to provide the frontage that they needed. Their proposal included constructing a turnaround, but the CEO noted that the construction would be within the existing right-of-way. Gallant maintained that building the turnaround would extend the street.

There was a significant amount of testimony on this subject from all the parties, their attorneys, and the CEO. Given this, the ZBA had before it substantial evidence to support its denial of the appeal and its finding that Austin Street would not been further extended by construction of the Morton and Kieley residences. Gallant has failed to provide evidence that would allow this Court to disturb the findings of the ZBA, as its review is highly deferential in an 80B appeal.

The entry is:

Plaintiff's 80B appeal is DENIED. The decision of the Westbrook Zoning Board of Appeals is AFFIRMED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: December 20, 2006

Roland A. Cole
Justice, Superior Court

4

DAVID LOURIE ESQ
189 SPURWINK AVENUE
CAPE ELIZABETH ME 04107

— *Kieley*
*Morton*

JOHN PHILBRICK ESQ
136 BAXTER BLVD
PORTLAND ME 04101

— *Pl*

WILLIAM DALE ESQ
PO BOX 4510
PORTLAND ME 04112

— *Westbrook*