STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. AP-21-39

ANDREW KEELEY, C+C LAKESIDE,        )
LLC, and PINEVIEW PROPERTY          )
MANAGEMENT, LLC, d/b/a              )
ALTERNATIVE ESSENCE,                )
                                    )
            Petitioners             )        ORDER ON RESPONDENT'S
                                    )        MOTION FOR TRIAL OF THE
                                    )        FACTS
      v.                            )
                                    )
                                    )
TOWN OF WINDHAM, PAUL'S             )
BOUTIQUE NURSERY, LLC, and JAR      )
CO. WINDHAM, LLC                    )
                                    )
            Respondents             )
                                    )
                                    )

Before the Court is Respondent Paul's Boutique Nursery, LLC's Motion for Trial of the

Facts brought pursuant to Maine Rules of Civil Procedure 80B(d). For the reasons set forth herein,

Respondent's Motion is GRANTED.

## BACKGROUND

Petitioners Andrew Keeley, C+C Lakeside, LLC, and Pineview Property Management,

LLC, d/b/a Alternative Essence ("Petitioners") filed a complaint against Respondents Town of

Windham ("the Town"), Paul's Boutique Nursery, LLC ("Paul's"), and Jar Co. Windham, LLC

("Jar Co.," and collectively, "Respondents") on December 9, 2021. Petitioners claim that the Town

of Windham extended Adult Use Marijuana Store licenses to Paul's and Jar Co. in violation of the

Town's Marijuana Business Licensing Ordinance ("the Ordinance"), thereby depriving Petitioners

REC'D CUMB CLERKS OFC
NOV 21 '22 PM12:50

1

of such a license. On March 17, 2022, Respondent Paul's moved for a trial of the facts.[1] Neither Petitioners nor Jar Co. have opposed the Motion, and the Town takes no position thereon. All parties agree that the Motion may be decided without oral argument.

## STANDARD OF REVIEW

Any party to the review of governmental action under Rule 80B may move for a trial of the facts. M.R. Civ. P. 80B(d). The purpose of a trial of the facts is "to permit the court to obtain facts that are not present in the record." *Silsby v. Belch*, 2008 ME 104, ¶ 6, 952 A.2d 218. The Superior Court, serving in its appellate capacity in regard to the appeal itself, may then review evidence beyond the municipal record that is "necessary to the appeal before the court." *Id.*; *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237. "[A] detailed statement, in the nature of an offer of proof, of the evidence the moving party intends to introduce at trial" must accompany the motion. M.R. Civ. P. 80B(d). The court must then determine what evidence, if any, is appropriate to be heard in a trial of the facts. *Palesky v. Sec'y of State*, 1998 ME 103, ¶ 7, 711 A.2d 129.

## DISCUSSION

Petitioners allege that the Adult Use Marijuana Store licenses issued to Paul's and Jar Co. were automatically forfeited because Paul's and Jar Co. failed to make "active use" of the licenses within the six-month timeframe set forth in the Ordinance or submit a written request for a suspension of the "active use" requirement to Windham's Town Council. Petitioners further allege that because the licenses issued to Paul's and Jar Co. were forfeited, the Town erred in rejecting Petitioners' application for an Adult Use Marijuana Store license on the basis that none were available. Respondent Paul's has moved for a trial of the facts for the purposes of providing

---

[1] Although motions brought pursuant to Rule 80B(d) must be filed within 30 days of the complaint, this Motion was timely filed due to an earlier stay that was granted by the court.

evidence that (1) it made "active use" of its license, (2) it requested a suspension of forfeiture, and (3) a suspension of forfeiture was warranted under the circumstances.

The Court agrees that the factual record of this case is underdeveloped. It is not clear from the record the extent to which Paul's or Jar Co. utilized their licenses or whether they submitted requests for suspensions of forfeiture as required. Further, the Ordinance at issue does not define the term "active use," nor does it specify what constitutes a "written request" for the purposes of obtaining a suspension of the "active use" requirement. A trial of the facts is therefore appropriate on the limited issue of the circumstances surrounding the renewal of the licenses.

Finally, the Court requests a telephonic conference with the parties, to take place within thirty days, to specify the course of future proceedings.

**Entry is:**

Respondent Paul's Boutique Nursery, LLC's Motion for Trial of the Facts is GRANTED. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated:   11/21/22

_____
John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 11/23/2022

3