**Glenn LARRIVEE et al.**

v.

**Roger E. TIMMONS et al.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1988.
Decided Nov. 1, 1988.

See also 525 A.2d 1037.

Michael D. Cooper (orally), Desmond, Cooper, Manderson & Millett, Westbrook, for plaintiff.

John A. Graustein (orally), Drummond, Woodsum, Plimpton & MacMahon, Portland, for Arcadia Co.

Charles A. Lane (orally), Portland, for Roger E. Timmons.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

McKUSICK, Chief Justice.

This case raises the question, novel to us, whether the steps for obtaining multiple land use approvals from different administrative agencies operating under different ordinances or statutes are all part of a single "proceeding" for purposes of the

grandfathering provision of 1 M.R.S.A. § 302 (1979).

In this Rule 80B action brought by certain resident landowners in Windham (hereinafter "the opponents"), the Superior Court (Cumberland County; *Brodrick, J.*) affirmed the decision of the Windham Zoning Board of Appeals giving conditional use approval to defendant Arcadia Company for its proposed 105–unit mobile home park on the Land of Nod Road. On appeal by the opponents, we vacate that affirmance on the ground that the Board of Appeals committed an error of law by applying section 302 to relieve Arcadia from complying with the conditional use standards of the amended Windham ordinance that, enacted in September 1984, went into effect before the Board of Appeals received and acted upon Arcadia's application for a conditional use permit. We also reject the alternative ground urged by defendants for affirming the Board of Appeals; namely, that the Board is by principles of collateral estoppel compelled to find that Arcadia has already complied with all the amended conditional use standards because of the approvals already given Arcadia by the Maine Department of Environmental Protection (DEP) and the Windham Planning Board. We direct the case to be remanded to the Windham Zoning Board of Appeals for it to reconsider Arcadia's conditional use application under the expanded standards of the amended ordinance.

In 1984 Arcadia began the process of obtaining the numerous land use approvals necessary for developing its proposed mobile home park. Pursuant to Windham's subdivision ordinance Arcadia first applied for preliminary subdivision approval from the Windham Planning Board and the Planning Board granted that preliminary approval on August 27, 1984. Arcadia in May 1985 got site plan approval from the DEP and then returned to the Planning Board for final subdivision approval pursuant to the subdivision ordinance.

After getting final subdivision approval from the Planning Board in July 1985,[1] Arcadia proceeded on the application it late in 1984 had filed with the Windham Zoning Board of Appeals for conditional use approval as required for all mobile home parks in the zone of the proposed project. At all times the controlling Windham ordinance provided that the Board of Appeals could not act on a conditional use application until the Planning Board has granted final subdivision approval to the proposed development.

On September 11, 1984, shortly after the Planning Board had granted preliminary subdivision approval but before it had granted final subdivision approval or Arcadia had filed a conditional use application with the Board of Appeals, the Town of Windham amended its land use ordinance to clarify and perhaps strengthen the standards to be applied by the Board of Appeals on conditional use applications. The Town amended those standards in response to this court's decision in *Cope v. Town of Brunswick,* 464 A.2d 223, 225 (Me.1983), which held certain ordinance provisions to be an unconstitutionally vague delegation of legislative authority.

The Board of Appeals undertook review of Arcadia's conditional use application in August 1985. The Board of Appeals determined that the grandfathering provisions of 1 M.R.S.A. § 302 protected Arcadia from having to comply with the amended conditional use standards because Arcadia had "started [the] ball rolling" by filing its subdivision application with the Planning Board prior to the time the Town amended the conditional use standards. The Board of Appeals ultimately granted Arcadia's application. This Rule 80B action, brought by the opponents against the Town's code enforcement officer (Roger Timmons) and Arcadia, followed.

---

1. Plaintiffs challenged the Planning Board's decision to grant final subdivision approval, but this court upheld the Planning Board's action in *Larrivee v. Timmons,* 525 A.2d 1037 (Me.1987) (mem.). Plaintiffs also appealed the Planning Board's determination that Arcadia's proposed septic system was a "central sewerage system," but that appeal was dismissed by stipulation before oral argument in this court. *Larrivee v. Timmons,* Law Court Docket No. CUM–87–53 (dismissed Aug. 31, 1987).

The Superior Court affirmed the decision of the Board of Appeals. On appeal to this court the opponents join issue with Timmons and Arcadia over which conditional use standards control Arcadia's application to the Board of Appeals. On construing 1 M.R.S.A. § 302, we find the amended standards control. Against the possibility this court might come to that conclusion, Timmons and Arcadia contend that the result on this appeal should be the same even so. This is true, they argue, because both the Planning Board and the DEP, in the process of giving approval to Arcadia's mobile home park, have made conclusive findings of compliance by Arcadia with the substantive requirements of the amended standards. In other words, they urge us to apply a collateral estoppel principle between administrative agencies. We reject defendants' alternative argument as well.

## I. *Application of Section 302*

■ 1 M.R.S.A. § 302 provides in relevant part: "Actions and proceedings pending at the time of the passage or repeal of an Act or ordinance are not affected thereby." The opponents submit that each permit application is a separate "proceeding" for the purpose of applying the grandfathering provision of section 302 and that the Board of Appeals and the Superior Court erred in treating the multi-step municipal approval process as a single "proceeding." We agree.

The meaning of the term "proceeding" in section 302 is a matter of statutory interpretation and as such is a question of law for this court. *See George D. Ballard, Builder, Inc. v. City of Westbrook,* 502 A.2d 476, 480 (Me.1985). No Maine case is directly on point. The cases relied on by defendants deal primarily with the meaning of the term "pending" in section 302. *See Maine Isle Corp. v. Town of St. George,* 499 A.2d 149, 152 (Me.1985) (where town board acts on the substance of a proposal, that proposal is pending for purposes of section 302); *Littlefield v. Town of Lyman,* 447 A.2d 1231, 1235 (Me.1982) (same).

In the case at bar, however, we are not concerned with the meaning of the term "pending" but rather with what is meant by the term "proceeding." We conclude that the Planning Board's subdivision approval and the Board of Appeals' later conditional use approval did not result from a single "proceeding." Rather, each was a separate proceeding initiated by a separate application before a separate tribunal and governed by a different set of standards. The fourth sentence of section 302 [2] defines a proceeding to include an application for a license or permit; by that definition, there was a proceeding pending before the Planning Board as soon as the application was filed with it and a second proceeding became pending when the later application was filed with the Board of Appeals. Thus, for purposes of section 302, the hearing and approval steps before the Planning Board on a subdivision application constitute one proceeding, and the hearing and approval steps before the Board of Appeals on a conditional use application constitute another, separate proceeding.

The fact that by the Windham ordinance the Board of Appeals may not act upon Arcadia's conditional use application until after the Planning Board has approved Arcadia's subdivision application does not transmute those two separate municipal proceedings into one. The ordinance does not put any front-end time limitation on when the developer may commence the proceeding before the Board of Appeals by filing its application for the conditional use. The ordinance merely prescribes the sequence in which the two separate municipal agencies may take their separate final actions in giving two separate approvals required for the proposed project. The Board of Appeals, despite its name, exercises in this case no function of appellate review over the Planning Board's subdivision decision. It independently hears and acts upon an application for a different

---

**2.** The fourth sentence of 1 M.R.S.A. § 302 reads as follows:

For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing.

type of approval as a matter of first instance.

On September 11, 1984, when the Town of Windham amended its ordinance specifying the conditional use standards to be applied by its Board of Appeals to proposals for mobile home parks, Arcadia had no proceeding then pending before the Windham Board of Appeals. Therefore, section 302 has no operative effect on the conditional use application Arcadia subsequently filed with the Board of Appeals. That later application to the Board of Appeals is not grandfathered by section 302; it is controlled by the amended ordinance in effect on the date the application was filed.[3] To prevail on its Board of Appeals application, Arcadia must show its proposal complies with the conditional use standards as amended on September 11, 1984.

## II. *Collateral Estoppel*

█ We now turn to defendants' fallback argument that in any event the Zoning Board of Appeals is collaterally estopped from finding noncompliance with the amended conditional use standards by the administrative adjudications already made by the Planning Board on Arcadia's subdivision application and by the DEP on Arcadia's site location application.[4]

We have long since taken the same view as the *Restatement* that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Restatement (Second) of Judgments* § 27 (1982) (*quoted in Sevigny v. Home Builders Ass'n of Maine, Inc.*, 429 A.2d 197, 201–02 (Me.1981)). In *Town of North Berwick v. Jones*, 534 A.2d 667, 670 (Me.1987), we further held, in accordance with section

83 of the *Restatement (Second)*, that provided certain conditions are met, "a final adjudication in an administrative proceeding before a quasi-judicial municipal body has the same preclusive effect as a final adjudication in a former court proceeding."

The case at bar, however, does not present an appropriate occasion for the application of the principles of collateral estoppel between administrative proceedings. Even though the standards governing the proceedings before the Planning Board and the DEP raised issues involving many of the same general subject matters as the conditional use standards of the Windham Board of Appeals (as, for example, traffic conditions), the specific standards differ significantly in language and it would appear also in substantive content. The previously adjudicated issues are not irrefutably the same as those before the Board of Appeals. In any event, when the Town of Windham has legislatively created the Zoning Board of Appeals and has directed it to consider conditional use applications under a set of standards differing significantly in language if not in substance from those of its Planning Board and DEP and has required the successive approval of both of its own boards for the construction of a mobile home park, we are unwilling to find an intent on the part of the Town that the decision of the first board or the DEP on an issue such as traffic conditions is conclusive on the second board as to the same general subject matter. Subsection (4) of section 83 of the *Restatement (Second)* recognizes an exception to administrative collateral estoppel

> if according preclusive effect to determination of the issue [by the first board] would be incompatible with a legislative policy that:
>
> .    .    .    .    .

3. The 1988 amendment of 1 M.R.S.A. § 302, providing that an application for a license or permit is not "pending" until the reviewing authority has made at least one substantive review of the application (P.L.1987, ch. 766, § 1), is not applicable to this case.

4. As an affirmative defense, collateral estoppel must ordinarily be raised by the pleadings or it

will be considered waived. *See Conary v. Perkins*, 464 A.2d 972, 975–76 (Me.1983). Under Rule 80B, however, no responsive pleading is required. Therefore, by raising the collateral estoppel defense in its Superior Court brief, Arcadia preserved the issue for review in this court.

(b) The tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question.

We see exactly such a legislative policy in the structure and requirements of the Windham ordinances.

Arcadia's application to the Windham Zoning Board of Appeals for conditional use approval of its proposed mobile home park must go back to the Board of Appeals for its independent determination whether the project complies with the standards that became effective on September 11, 1984.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to vacate the decision of the Windham Zoning Board of Appeals and to remand to that Board to reconsider Arcadia Company's conditional use application under the amended ordinance in effect on the date it was filed.

All concurring.