STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss.                                    CIVIL ACTION
                                                  Docket No. CV-05-233

                                                  ᴘᴇᴠ ᴀᴍ-3ᵃ0ᴄᵧ


THE LANE CONSTRUCTION            )
CORPORATION,                     )
                                 )
                    Plaintiff    )
                                 )                OPINION: ORDER ON MOTION
                                 )                FOR SUMMARY JUDGMENT
v.                               )                   AND REQUEST FOR
                                 )                PERMANENT INJUNCTION
TOWN OF WASHINGTON,              )
                                 )
                                 )
                    Defendant    )
and                              )
                                 )
LAND ASSOCIATION OF              )
WASHINGTON, ROBERT MARKS,        )
PAULA GREEN, SANDRA              )
AND GUY BOURRIE                  )

                                        ┌─────────────────────────┐
                                        │  FI__ ___ ___ FRED       │
                                        │  SUPC IU  C__RT          │
                                        │      ___ 0 2006          │
                                        │  PENOBSCOT COUNTY        │
                                        └─────────────────────────┘

                    Intervenors


## BACKGROUND


The matters before this Court are Plaintiff's Motion for Summary Judgment and

Request for Permanent Injunction. This case surrounds the Lane Construction

Corporation's (hereinafter "Lane") proposal to operate a hard rock quarry, rock crusher,

concrete batch plant and bituminous hot-mix (asphalt) plant on a parcel of land in the

Town of Washington's Farm and Forestry district. On March 22, 2001, Lane filed an

application with the Town, requesting a conditional use permit for the aforementioned

activities. On May 10, 2001, the Washington Planning Board held the first of thirteen

public hearings on the application. At these hearings, both Lane and the Land Association

of Washington (hereinafter "LAW") provided testimony and documentary evidence in support of their differing views as to the legality of the proposal in light of the applicable Land Use Ordinance. On August 5, 2002, the Planning Board issued a decision granting the Plaintiff a permit to operate and maintain mineral extraction and crushing operations at the site. Aspects of this decision were appealed to the Superior Court by both parties. On March 29, 2005, the Superior Court affirmed the mineral extraction permit (Knox County Docket Number AP-03-13).

The Town of Washington adopted a separate Mining Ordinance with an effective date of March 23, 2002. The new ordinance requires applicants to obtain a conditional use permit under the Land Use Ordinance, and a permit under the Mining Ordinance. The Mining Ordinance limits extraction to 5,000 cubic yards per year. The Mining Ordinance does not contain an express provision making it retroactive to pending applications. Pursuant to the Court's March 29, 2005 Order, Lane began the site work in early July, including clearing the soil and other preparatory work. On September 12, 2005, the Town issued an immediate Stop Work Order, stating Lane was in violation of the Mining Ordinance, due to Lane's failure to obtain a permit under the Mining Ordinance enacted in March of 2002. A temporary restraining order was granted on October 6, 2005. Lane now seeks a declaration that it is not subject to the 2002 Mining Ordinance and an order permanently restraining the Town from enforcing the Stop Work Order.

## DISCUSSION

### Plaintiff's Motion for Summary Judgment and Request for Permanent Injunction

*1. Standard of Review*

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *See e.g., Darlings v. Ford Motor Co.,* 2003 ME 21, ¶ 14, 817 A.2d 877, 879. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue,* 1997 ME 99, ¶ 8, 694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor,* 1998 ME 250, ¶ 5, 721 A.2d 169, 172. An issue is genuine "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *MP Assocs. v. Liberty,* 2001 ME 22, ¶12, 771 A.2d 1040, 1044.

Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. *See e.g., Corey v. Norman, Hanson & DeTroy,* 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The court will view the evidence in light most favorable to the non-moving party. *See* e.g., *Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.,* 1998 ME 210, ¶11, 718 A.2d 186.

*2. Analysis*

Both parties agree that there are no material facts in dispute. The question is whether the Plaintiff is entitled to a permanent injunction restraining the Town from enforcing the Stop Work Order. Specifically, the issue addressed by the Court was whether the Washington Mining Ordinance effective March 23, 2002 applies to Lane's mineral extraction operation on the Vanner Road in Washington.

3

1 M.R.S.A. § 302 (2004) provides that actions and proceedings pending at the time an ordinance passes are not affected by the ordinance. A "proceeding" includes applications for licenses or permits required by law at the time of their filing. The Plaintiffs utilize *Littlefield v. Town of Lyman*, 447 A.2d 1231 (Me. 1982) to support their contention that an application for a permit shall be considered a pending proceeding within the meaning of § 302 if the reviewing authority has conducted at least one substantive review of the application.

> In *Littlefield*, the Law Court held the mere presentment of a plan for consideration is not, in and of itself, a pending application for purposes of § 302. However, when a municipality takes the threshold step of acting on the proposal, the application process has commenced. When the municipality accepts the plan for purposes of evaluating the substance of the proposal, manifests the plan is adequate to begin the review process, or fails to advise an applicant of any restriction on the significance of acceptance of the plan, an application can be said to be pending.

Pl.'s Mot. Summ. J. at 5.

Plaintiff further contends that they submitted a complete application and approximately 10 hearings had already taken place prior to the effective date of the Mining Ordinance, including the first public hearing. Also, the Board had already voted to deny portions of the application concerning asphalt and concrete plants in January of 2002, three months before the Mining Ordinance became effective. Essentially, Plaintiff argues that there is no question the Board already took a substantial step toward acting on the substance of the proposal.

The Defendant Town relies on *Larrivee v. Timmons*, 549 A.2d 744 (Me. 1988), in which the Law Court addressed for the first time whether steps for obtaining multiple land use approvals from different ordinances or statutes can be considered a single

4

'proceeding' under the grandfathering provision of § 302. Essentially, the Defendant argues the Mining Ordinance requires a separate application, a new review process and different permit, and is considered a separate 'proceeding' for purposes of § 302. Further they contend the enactment of the Mining Ordinance did not affect the conditional use proceeding, and because Lane had not commenced any work at the time the Mining Ordinance went into effect, Lane is not entitled to summary judgment.

The *Larrivee* case can be distinguished from the case at hand. Lane only needed a conditional use permit to conduct its mineral extraction activities when it applied for the permit in 2001; there was only one step required as opposed to the facts in *Larrivee*. Plaintiff is correct that the application in this case was pending for the purposes of § 302, and the application is not subject to the newly enacted ordinance.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment and Request for Permanent Injunction are granted. The Town of Washington is hereby permanently enjoined from enforcing the Stop Work Order issued on September 12, 2005. The Court hereby declares that the conditional use permit granted to Plaintiff is not subject to the mining ordinance that became effective March 23, 2002.

Accordingly, the entry shall be: Motion for Summary Judgment GRANTED. Permanent Injunction GRANTED. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: March 20, 2006

_____
Justice, Maine Superior Court
ANDREW M. MEAD

5

THE LANE CONSTRUCTION CORPORATION - PLAINTIFF
P O BOX 103
BANGOR ME 04402
Attorney for: THE LANE CONSTRUCTION CORPORATION
DAVID C KING  - RETAINED 09/29/2005
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Attorney for: THE LANE CONSTRUCTION CORPORATION
EDMOND BEAROR  - RETAINED 09/29/2005
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401



vs
WASHINGTON TOWN OF - DEFENDANT
P O BOX 408,
WASHINGTON ME 04574
Attorney for: WASHINGTON TOWN OF
MICHAEL HODGINS  - RETAINED 10/05/2005
BERNSTEIN SHUR SAWYER & NELSON
150 CAPITOL ST
PO BOX 5057
AUGUSTA ME 04332-5057


THE LAND ASSOCIATION OF WASHINGTON - INTERVENOR

Attorney for: THE LAND ASSOCIATION OF WASHINGTON
ROBERT MARKS  - RETAINED 11/02/2005
ROBERT MARKS LAW OFFICE
3 LIBERTY RD
PO BOX 326
WASHINGTON ME 04574


ROBERT MARKS  - INTERVENOR

Attorney for: ROBERT MARKS
ROBERT MARKS  - RETAINED 11/02/2005
ROBERT MARKS LAW OFFICE
3 LIBERTY RD
PO BOX 326
WASHINGTON ME 04574


PAULA GREEN  - INTERVENOR

Attorney for: PAULA GREEN
ROBERT MARKS  - RETAINED 11/02/2005
ROBERT MARKS LAW OFFICE
3 LIBERTY RD
PO BOX 326
WASHINGTON ME 04574

**DOCKET RECORD**