STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. AP-05-046

REED STREET NEIGHBORHOOD
HOUSING, LP

    Plaintiff

    v.                                  ORDER ON 80B APPEAL

CITY OF WESTBROOK

    Defendant

## BEFORE THE COURT

Before the court is plaintiff Reed Street Neighborhood Housing, LP's ("Plaintiff") appeal, pursuant to M.R.Civ.P. 80B, of defendant City of Westbrook's ("City") denial of its application for subdivision and site plan approval.

## BACKGROUND

Plaintiff owns a 7.07 acre parcel of property on Reed Street off Route 302 in Westbrook, a location within the City's Residential Growth Area 2 zoning district ("R2 Zone.") In the R2 Zone, multiple-family residential dwellings are permitted as a Special Exception, requiring approval from the City's Planning Board. City of Westbrook Land Use Ordinance ("Ordinance"), § 303.2. On February 8, 2005, Plaintiff filed an application with the City seeking authorization to build a 23-unit residential apartment development and community center building. This application requested (1) Site Plan approval, (2) Subdivision approval, and (3) a Special Exception.

1

On May 3, 2005, the Planning Board met for the second time to consider Plaintiff's application, after discussing it for about two hours on April 19, 2005, and then tabling a vote in order to absorb the information in the application and input from interested parties. At this May 3 meeting, the Board resumed its discussion on the development, and then voted 5-2 to adopt the City Planner's draft "approval with conditions" of the Special Exception portion of Plaintiff's application. Record Tab 14, p. 19. (hereinafter "R.T. __ at __ .) Part of the draft approval, as adopted by the Board, is a recitation that the development "will not burden existing public ways." This finding cites a traffic study compiled by Gorrill-Palmer Consulting Engineers. However, at this same meeting, the Board voted 4-3 to deny the Subdivision portion of Plaintiff's application, stating: "it has not been proven to satisfaction that there would be no excessive burden to traffic at the intersection of Route 302 and Reed Street." R.T. 14 at 19, Ordinance § 502.8.

Plaintiff submitted a written request for reconsideration of its application, and cited a letter from Gorrill-Palmer restating its estimate of the trip generation that would result from the development. R.T. 18. The Board granted Plaintiff's request for reconsideration. However, upon reconsideration, on June 21, 2005, the Board once again denied the Subdivision portion of Plaintiff's application based on Route 302 / Reed Street intersection traffic concerns. R.T. 24 at 4. Plaintiffs appeal this denial.

## DISCUSSION

The sole issue on appeal is whether the Planning Board's approval of the Special Exception portion of Plaintiff's application precludes the Board from denying the Subdivision portion of Plaintiff's application due to traffic concerns.

2

Plaintiff contends that the factual findings on traffic required under the Special Exception and Subdivision portions of the application are essentially the same, and that, if anything, the traffic finding required for Special Exception approval is stricter than the one required for Subdivision approval. *See* Ordinance § 204.1(c)(6) ("The Planning Board may grant a special exception [if]... the Applicant ... prove[s]... that the use granted will ... not burden existing public ways."); § 502.8 ("Prior to granting approval [of an application for Subdivision], the Planning Board shall ... find... the proposed site plan will not cause unreasonable highway or public road congestion or unsafe conditions with respect to the use of the highways or public roads existing or proposed.") Plaintiff then asserts that, as no one appealed the portion of the Board's May 3, 2005 decision regarding Special Exception approval, it is *res judicata*, and determinative of the traffic issue. Finally, Plaintiff points out that the Board specifically found that Plaintiff's application met all of the requirements for Subdivision approval other than the traffic requirement, and that, being bound by its traffic finding under the Special Exception findings, it must now be required to approve the Subdivision portion of Plaintiff's application, and move on to consider site plan approval.

The City asserts that the traffic requirement under the special exception involves only traffic internal to the development, and that the Board only considered external traffic impacts under the Subdivision traffic requirement. The plain language of the Special Exception traffic requirement is "The use granted will... not burden existing public ways." It does not relate merely to travel internal to the development. It is also inescapable that the Board voted for the Special Exception, and adopted the City Planner's draft approval of Plaintiff's

3

Special Exception application, including adoption of the above-quoted requirement. R.T. 14 at 17. This language is, without further explanation, inconsistent with the Board's subsequent, specific conclusion that the Subdivision cannot be approved because Plaintiff has not satisfactorily proven that the development would not excessively burden traffic at the intersection of Route 302 and Reed Street.[1]

Collateral estoppel applies when an issue of fact or law is actually litigated and determined, and the determination is essential to the judgment. *See Larrivee v. Timmons*, 549 A.2d 744, 747 (Me. 1988). This principle applies equally in the context of quasi-judicial administrative proceedings before a municipal body, such as a planning board. *See id.* Both parties recognize that the three permits required for Plaintiff's development require independent determinations by the Board. Under the Special Exception use approval, the Board determined that the proposed use "will not burden existing ways." It was bound by this determination when considering subsequent requirements involving the same standard and substantive content. *Cf. Larrivee*, 549 A.2d at 747. Accordingly, the

---

[1] One explanation for this inconsistency is that, in approving the Special Exception application, the Board was attempting to signal to Plaintiff that one aspect of the proposed development it did approve of was the multi-family cluster-type housing. *See* R.T. 15 at 9, 10, and 14. The Board appears to have understood that the construction of duplex units on the site would not require Special Exception approval. *See* Ordinance § 303.1 (two-family dwellings are permitted uses in the R2 zone, whereas multi-family dwellings require Special Exception approval.) Board Member Blake, who voted to approve the Special Exception, stated "the fact is, if we deny it [the Special Exception] they can simply come back with a duplex, which doesn't require the special exception. Quite frankly I like the preservation of green space that they have accomplished with the type of clustering that they have done here." R.T. 15 at 9. Board Member Bergeron, who also voted to approve the Special Exception, stated: "a vote in favor of this exception does not necessarily mean that we are going to go ahead with this project... this sort of clustered housing... does preserve an awful lot of green space, and if we were to deny this exception, we are merely going to receive another plan with more buildings, the same number of units, but it is going to sprawl over the entire property." R.T. 15 at 10. Board Member Wrobel, who voted against the Special Exception, stated: "I would much rather, seeing that 23 units are 23 units, I would much rather that they be clustered sufficiently to save as much green space and some of those beautiful trees on that land as possible. So, I would just like to say... thank you for clarifying that." R.T. 15 at 11.

4

Planning Board's determination that the proposed use will "not burden existing ways" must either be distinguished from its later conclusion that the proposed use "will cause unreasonable highway or public congestion or unsafe conditions with respect to the use of the highways or public roads existing or proposed" or it must accept its earlier determination as conclusive.

**The entry is:**

> Plaintiff's 80B appeal is GRANTED. The City Planning Board's denial of Plaintiff's application for subdivision approval is REMANDED to the Planning Board. The Planning Board will either articulate the basis for its determination that the proposed use will "not burden existing ways" yet "will cause unreasonable highway or public congestion or unsafe conditions with respect to the use of the highways or public roads existing or proposed" or it will approve the Subdivision portion of the application. If the latter, the Planning Board will thereafter proceed to consideration of Plaintiff's Site Plan application.

Dated at Portland, Maine this __13th__ day of __April__, 2006.

Robert E. Crowley
Justice, Superior Court

Date Filed __JULY 20 2005__  __CUMBERLAND__  Docket No. __AP-05-46__

County

Action __80B APPEAL__

REED STREET NEIGHBORHOOD HOUSING LP        CITY OF WESTBROOK

vs.

Plaintiff's Attorney

JOHN B SHUMADINE ESQ
BARBARA L GOODWIN ESQ
75 PEARL STREET
PO BOX 9785
PORTLAND MAINE 04104-5085
(207)773-5651

Defendant's Attorney

EDWARD R BENJAMIN,JR ESQ
THREE CANAL PLAZA
PO BOX 4630
PORTLAND MAINE 04112
(207)774-2500