MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2021 ME 52
Docket:        Yor-21-101
Argued:        October 7, 2021
Decided:       November 2, 2021

Panel:         STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, and HORTON, JJ.

RANDY SLAGER

v.

LORI L. BELL et al.

HUMPHREY, J.

[¶1]  Randy Slager appeals from a judgment of the Superior Court (York County, *Fritzsche, A.R.J.*) dismissing with prejudice his complaint seeking (1) judicial review of a decision of the Town of Kennebunkport's code enforcement officer (CEO) to lift the CEO's previous suspension of building and land use permits issued to Slager's neighbors, Lori L. Bell and John W. Scannell, and (2) a declaratory judgment that structures on Bell and Scannell's property violate municipal ordinances.  Slager argues that the court should have dismissed his complaint without prejudice because he filed a notice of voluntary dismissal before any answer or motion for summary judgment was served.  *See* M.R. Civ. P. 41(a)(1).  We conclude that Rule 41(a)(1) did not

2

authorize dismissal with prejudice, and we remand for the court to dismiss the complaint without prejudice.

## I. BACKGROUND

[¶2]  On March 27, 2020, Slager filed a complaint in the Superior Court seeking judicial review of a decision by the CEO that lifted the CEO's previous order suspending building and land use permits issued to Bell and Scannell.  In his complaint, as amended on April 6, 2020, Slager sought both a judicial review of governmental action pursuant to M.R. Civ. P. 80B and a declaratory judgment. *See* M.R. Civ. P. 15(a).  In the declaratory judgment action, Slager alleged that the process for review of the CEO's decision was inadequate and that he was entitled to a declaratory judgment that structures on Bell and Scannell's property violated municipal ordinances.

[¶3]  In May 2020, Bell, Scannell, and the Town (collectively, Bell)—the defendants named in Slager's complaint—filed written appearances.  Slager filed his proposed record of the Town's proceedings, *see* M.R. Civ. P. 80B(e)(1), on May 22, 2020, and applied, unsuccessfully, for transfer of the matter to the Business and Consumer Docket.  He also moved for a trial of the facts.  In June 2020, Slager moved to supplement his complaint but later withdrew that motion.

[¶4] On August 11, 2020, Slager moved for leave to file a second amended complaint that omitted the declaratory judgment claim. Bell opposed the motion in part and objected to Slager's proposed record, filing an alternative proposed record with the court.

[¶5] On October 2, 2020, Slager filed a notice of voluntary dismissal of the action pursuant to Rule 41(a)(1) of the Maine Rules of Civil Procedure, which allows a voluntary dismissal without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." M.R. Civ. P. 41(a)(1)(i). Bell then moved for the court to dismiss the matter *with* prejudice, arguing that although no answer was served because no answer is required for purposes of a Rule 80B appeal, the function of the answer had been served by Bell's appearance, and given the parties' active litigation of the matter, a dismissal without prejudice should not be allowed. Bell included a request for costs and attorney fees as a sanction for Slager's alleged abuse of the litigation process.[1]

---

[1] Rule 41 authorizes a *defendant* to move to dismiss only "[f]or failure of the plaintiff to prosecute for 2 years or to comply with these rules or any order of court." M.R. Civ. P. 41(b)(2). Thus, the rule did not authorize Bell's motion to dismiss the action with prejudice, which, in context, is more appropriately characterized as an objection to Slager's notice of dismissal and a motion for sanctions. The court denied Bell's motion for sanctions, and Bell does not appeal from that ruling.

4

[¶6]   The court dismissed the matter with prejudice, stating that the provision in Rule 80B(b) dispensing with the need to file an answer but requiring an appearance, "coupled with the number of motions and pleadings and the associated costs," justified a dismissal with prejudice.  The court denied Bell's motion for sanctions.

[¶7]   Slager moved for reconsideration, but the court denied his motion, stating, "Given that this case had advanced well beyond the preliminary phase dealt with in Rule 41[,] the appropriate dismissal was with prejudice."  Slager timely appealed from the judgment.[2]  *See* 14 M.R.S. § 1851 (2021); M.R. Civ. P. 80B(n); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶8]  We review the interpretation of Rule 41 de novo, looking to the plain language of the rule to determine its meaning.  *Doe v. Hills-Pettitt*, 2020 ME 140, ¶ 5, 243 A.3d 461.  The rule must be construed consistently and harmoniously with all applicable rules of court.  *See Me. Sav. Bank v. DeCosta*, 403 A.2d 1195, 1199 (Me. 1979).

---

[2]  Although a complaint for judicial review of the CEO's decision could not be commenced anew because such an appeal must be commenced within thirty days after the challenged governmental act or failure to act, *see* M.R. Civ. P. 80B(b), a new declaratory judgment action would not be time-barred, *see* 14 M.R.S. §§ 752, 5953 (2021).  Thus, this appeal seeking remand for a dismissal without prejudice could provide real and effective relief and is not moot.  *See In re Involuntary Treatment of K.*, 2020 ME 39, ¶ 9, 228 A.3d 445.

[¶9]  Rule 41(a)(1)(i) of the Maine Rules of Civil Procedure provides that "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."  M.R. Civ. P. 41(a)(1)(i).  "Unless otherwise stated in the notice of dismissal . . . the dismissal is without prejudice . . . ."  M.R. Civ. P. 41(a)(1).

[¶10]  For a Rule 80B complaint, an answer is not prohibited, but also not required: "No responsive pleading need be filed unless required by statute or by order of the court, but in any event any party named as a defendant shall file a written appearance within the time for serving an answer under Rule 12(a)."  M.R. Civ. P. 80B(a); *see also* M.R. Civ. P. 12(a) (providing that, with certain exceptions, an answer must be filed "within 20 days after the service of the summons and complaint upon [the] defendant").  There is no prohibition against filing a motion for summary judgment in a Rule 80B matter, including as to an independent claim for declaratory judgment.  *See* M.R. Civ. P. 56(b) ("A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, but within such time as not to delay the trial, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.").

6

[¶11]  According to the plain meaning of Rule 41(a)(1)(i), only "service by the adverse party of an answer or of a motion for summary judgment" will terminate the period during which a plaintiff may file a notice of voluntary dismissal to terminate the action without prejudice.  Although Rule 80B(a) requires a written appearance to be filed "within the time for serving an answer," neither Rule 41 nor Rule 80B indicates that the written appearance *is* an answer for purposes of Rule 41(a)(1)(i).  Without such an express provision, the plain meaning of Rule 41(a)(1)(i) must be given its effect.

[¶12]  Abundant federal case law supports the strict, plain-language interpretation of Fed. R. Civ. P. 41(a)(1)—the federal rule upon which Maine's Rule 41(a)(1) is based.  *See* M.R. Civ. P. 41 Advisory Committee's Notes 1989 (indicating the intention to adopt the language of Federal Rule 41(a)(1) "to provide that the plaintiff may unilaterally dismiss an action only prior to the filing of the answer or a motion for summary judgment, rather than at any time prior to trial, as formerly"); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987) (holding that only the service of an answer or a motion for summary judgment extinguishes a plaintiff's right to dismiss the complaint without prejudice); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546-47 (4th Cir. 1993) (same); *Aero-Colours, Inc. v. Propst*, 833 F.2d 51, 52

(5th Cir. 1987) (same); *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795-96 (7th Cir. 1983) (same).  This interpretation has been applied even when extensive court proceedings have taken place.  *See, e.g.*, *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142-43 (7th Cir. 1978) (allowing voluntary dismissal despite proceedings on a motion to stay proceedings and to compel arbitration).

[¶13]  Federal courts, when construing the corresponding federal rule based on its plain language, have also held that serving court documents other than an answer or motion for summary judgment does not suffice to prevent a plaintiff from voluntarily dismissing an action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  *See, e.g.*, *Sachs v. Italia Societa Anonima Di Navigazione*, 30 F. Supp. 442, 442-43 (S.D.N.Y. 1939) (appearance); *Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 17 (1st Cir. 1985) (Fed. R. Civ. P. 12(b)(6) motion to dismiss); *Marex Titanic, Inc.*, 2 F.3d at 545-48 (motion for injunction); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2363 at 499-500 (2020) ("'Answer' . . . does not mean appearance, and the mere fact that a defendant has appeared does not preclude a voluntary dismissal when the defendant has not answered or moved for summary judgment.").

8

[¶14]  Federal courts have held that when a dismissal is effectuated through a notice of dismissal under Rule 41(a)(1), the party dismisses as of right, and a court may not direct that the dismissal be with prejudice, *see Winterland Concessions Co.*, 706 F.2d at 794-96; *Manze*, 817 F.2d at 1065-67, even if the defendant has incurred significant expenses, *see, e.g.*, *Universidad Cent. Del Caribe, Inc.*, 760 F.2d at 16-18.[3]  As one leading treatise states, "a defendant is in no position to complain about the inconvenience flowing from a voluntary dismissal, where the problem could have been averted by simply answering the complaint or moving for summary judgment."  8 James W. Moore et al., *Moore's Federal Practice* § 41.33(5)(c)(vii) (3d ed. 2007).  Here, although Bell was not required to serve and file an answer, she could have done so or could have served a motion for summary judgment.  *See* M.R. Civ. P. 56(b).

[¶15]  Because we apply the rule as it is written, consistent with federal precedent, *see, e.g.*, *Manze*, 817 F.2d at 1066, and with our own rules for

---

[3]  Although the United States Court of Appeals for the Second Circuit in one case held that a voluntary dismissal without prejudice was improper even though no answer or motion for summary judgment had been served, it held so when an extensive hearing had been held at which the merits of the controversy were raised.  *See Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 107-08 (2d Cir. 1953).  Moreover, even the Second Circuit has acknowledged that *Harvey Aluminum* has been discredited, *see Thorp v. Scarne*, 599 F.2d 1169, 1174-77 (2d Cir. 1979), and other jurisdictions have not followed its reasoning.  *See, e.g.*, *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983) (noting that *Harvey Aluminum* "has been repudiated in its own Circuit and elsewhere" (citation omitted)).

construing unambiguous rules of court, *see Hills-Pettitt*, 2020 ME 140, ¶¶ 5-7, 243 A.3d 461, we vacate the judgment and remand for a dismissal without prejudice.

The entry is:

> Judgment vacated.  Remanded for dismissal of
> the complaint without prejudice.

---

Alan R. Atkins, Esq., and Fulton S. Rice, Esq. (orally), Alan R. Atkins & Associates, Portland; and Andrew W. Sparks, Esq., and William J. Kennedy, Esq., Drummond & Drummond, LLP, Portland, for appellant Randy Slager

Daniel L. Rosenthal, Esq. (orally), Jennie L. Clegg, Esq., and Trey R. Milam, Esq., Marcus Clegg, Portland, for appellees Lori L. Bell and John W. Scannell

Amy K. Tchao, Esq., and Jeana M. McCormick, Esq. (orally), Drummond Woodsum, Portland, for appellee Town of Kennebunkport

York County Superior Court docket number AP-2020-07
FOR CLERK REFERENCE ONLY