STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-23-02

MICHAEL MAKEE and MARY MAKEE,

    Plaintiffs,

v.

TOWN OF CHEBEAGUE ISLAND,

    Defendant,

**ORDER ON PENDING MOTIONS**

and

JAMES GALLAGHER, ANNE GALLAGHER,
NORMA DREW, and JEFFREY DREW,

    Parties-in-Interest,

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 0 5 2023

RECEIVED
2:10 PM

Before the Court are three pending motions, all fully briefed: (1) Parties'-in-Interest Motion to Stay; (2) Petitioners Makees' Motion for Trial of the Facts; and (3) Parties-in-Interest and Town's Joint Motion to Dismiss Count II. For the following reasons, the Motion to Stay is moot, the Motion for Trial is granted, and the Joint Motion to Dismiss is denied.

**Background**

This action challenges a Shoreland Zoning Ordinance permit that the municipal Code Enforcement Officer ("CEO") issued for extension of a driveway and the site of the guest house on a 2.33-acre residential property ("the property") located at 107 Cottage Road in the Town of Chebeague Island, Maine ("Town"). Michael and Mary Makee (the "Makees") own the property and have undertaken improvements there, including by beginning construction of a guest house. Parties-in-Interest James and Anne Gallagher (the "Gallaghers") and Norma and Jeffrey Drew (the

1

Plaintiffs-Scott Dolan, Esq.
Defendant Town, Natalie Burns, Esq.
Defendants Gallagher and Drew-Keith
Richard, Esq.

"Drews") (together, the "Abutters") own abutting property.

In its decision issued December 1, 2022, the Town Board of Adjustments and Appeals ("Board") decided there was good cause to enlarge the 30-day appeal deadline under the Shoreland Zoning Ordinance. (R. 012.) Then it concluded that the CEO's approval of the Shoreland Zoning Ordinance permit was invalid because there was no scaled plot plan, no written erosion and sediment control plan, and no use of a DEP-certified contractor. (R. 012-013.) The Board reversed the CEO's granting of the Shoreland Zoning permit. (R. 013.)

The Makee count I for Rule 80B review challenges the Board's conclusions that the Abutters had shown good cause for their late appeal and that the CEO erred in approving the Shoreland Zoning Permit for the driveway extension and guest house site. The Makees argue the Board denied them due process with its bias, its independent investigation, and its failure to allow them to respond to arguments; the Board erred in its application of the ordinances and state law; findings of fact were not substantially supported; the Board selectively enforced ordinances; the Board lacked jurisdiction; and the Board erred in interpreting a December 19 vote on the motion to reconsider. The Makees' count II asserts equitable estoppel and count III asserts vested rights, both based on the Board's revocation of their permit for construction of the accessory guest house and driveway extension.

**Discussion**

A. Motion for Trial of the Facts

On February 13, 2023, the Makees moved for a trial of the facts to provide the Court with evidence that the appeal was untimely, that the Board's granting the good cause exception violated the Makees' vested rights and should be equitably estopped, that the Board chair was biased, and that the Makees were denied procedural due process. They included an offer of proof with their

2

motion, which includes documentary evidence and expected testimony from Michael Makee, James Gallagher, Norma Drew, and Sandra McLean.

> Upon filing of a motion for trial of the facts, the time limits contained in this rule shall cease to run pending the issuance of an appropriate order of court specifying the future course of proceedings with that motion. [The offer of proof] shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent.

M.R. Civ. P. 80(d).

> The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action. Rule 80B(d) is not intended to allow the reviewing court to retry the facts that were presented to the governmental decisionmaker, nor does it apply to any independent civil claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts not in the record that are necessary to the appeal before the court. *See Palesky v. Secretary of State*, 1998 ME 103, ¶¶ 5-9, 711 A.2d 129. For example, the complainant may augment the record if there are claims of ex parte communication or bias alleged, with sufficient particularity, to have had an effect on the fairness of the governmental proceedings....

*Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237.

The Court finds that the evidence of bias and due process violations in the current record is significant enough to justify presentation of further evidence on those issues. The Makees allege that the Board chair sent an email encouraging appeal of their construction permits to a number of Chebeague inhabitants, the Abutters, and Town officials including the CEO. A copy of that email is provided at Ex. A to the Amended Complaint. In the email chain, Chair McLean writes,

> The Makees have not followed the zoning ordinance in multiple ways and have not been called to task for any of these violations. Since their lot is affected by the shoreland zoning rules, it is particularly important that they follow all such rules precisely. When the town does not hold violators responsible, the only recourse neighbors have is to file a complaint with the board of appeals of file suit in a court of law. Unfortunately, I may soon have to exercise these options.

Ex. A to Pls.' Compl. at 2. Michael Makee read this portion of the email from the Board chair at

hearing before the Board, but given the claims that the email shows improper ex parte communication and bias, the Court will allow the Makees to introduce the written emails with any necessary foundation.

Most of the remaining information in the offer of proof is duplicative of material that is already in the record. Aside from the bias and ex parte communication evidence, the Court will allow evidence that is not in the record and that the Makees did not have the opportunity to present earlier. This includes evidence that the Makees did not have notice of the Board's outside research on their property's chain of title and evidence that they attended the December 1, 2022 hearing but weren't allowed to present evidence or argument.

The Makees also clarify that they are "not looking for the Court to merely state that due process violation occurred, [but] they are seeking a trial of fact to remedy those due process violations by allowing the Makees to be fully heard by a neutral unbiased arbiter." Makee Reply at 4. The Court reserves its decision on whether a full rehearing is required before this Court until after it makes determinations on the bias and due process claims after a trial of the facts.

B. Motion to Stay

The Abutters move to stay the Makee appeal during the pendency of their own appeal. The Court has dismissed the Abutters' appeal in PORSC-AP-22-41. Therefore, it finds the Motion to Stay is moot.

C. Joint Motion to Dismiss Count II

The Town and the Parties-in-Interest argue pursuant to M.R. Civ. P. 12(b)(6) that the Makees' Count II fails to state a claim for which relief can be granted. The movants argue that Maine law does not recognize equitable estoppel either as an independent claim or an affirmative defense where a Town has not yet brought enforcement action or engaged in any conduct that

4

could be estopped. The Makees oppose the motion, arguing that their count II asks the Court to apply equitable estoppel to the Board's decision to hear the late appeal under the Zoning Ordinance and subsequent revocation of the Shoreland Zoning Permit, not to estop some future action. They also argue that the movants have waived any 12(b)(6) defense by not raising it in an answer. The movants reply, arguing that equitable estoppel cannot apply to revocation of permits. They also argue that the good cause exception, based in equity, forecloses application of equitable estoppel where it is applied.

On a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party to determine whether the complaint alleges the elements of a cause of action or facts that may justify relief on any legal theory. *MacMath v. Me. Adoption Placement Servs.*, 635 A.2d 359, 361 (Me. 1993) (citing *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987)).

First, this Court considers the Makees' argument that the movants have waived their 12(b)(6) argument because they did not file an answer. The movants argue that because the equitable estoppel claim has been brought in the Rule 80B context and no order specifying the course of future proceedings has been issued regarding count II, neither of the movants were required to file an answer to preserve a 12(b)(6) defense. *See* M.R. Civ. P. 80B(a) ("No responsive pleading need be filed unless required by statute of by order of the court, but in any event any party named as a defendant shall file a written appearance within the time for serving an answer under Rule 12(a).") In an analogous situation, the Law Court has ruled that because no responsive pleading is required in the 80B context, raising an affirmative defense at the briefing stage of an 80B appeal was sufficient to preserve the issue for review on appeal even where the affirmative defense was normally waived unless raised in the pleadings. *Larrivee v. Timmons*, 549 A.2d 744,

747 n.4 (Me. 1988) (citing *Conary v. Perkins*, 464 A.2d 972, 975-76 (Me. 1983)). Under the same logic, the movants would not have waived their Rule 12(b)(6) defense by failing to file a responsive pleading. *Cf. Slager v. Bell*, 2021 ME 52, ¶ 11, 261 A.3d 923 ("Although Rule 80B(a) requires a written appearance to be filed "within the time for serving an answer," neither Rule 41 nor Rule 80B indicates that the written appearance is an answer for purposes of Rule 41(a)(1)(i)."). The Court declines to find the movants waived their Rule 12(b)(6) defense.

The movants point out that the Law Court has stated that estoppel "can be asserted against a municipality only as a defense and cannot be used as a weapon of assault." *Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 16, 868 A.2d 230 (quoting *Buker v. Town of Sweden*, 644 A.2d 1042, 1043 (Me. 1994)) (affirming the Superior Court's ruling that the petitioner could not equitably estop the Town from bringing enforcement action against him); *Waterville Homes, Inc. v. Maine Dep't of Transp.*, 589 A.2d 455, 457 (Me. 1991). In *Buker*, the Law Court did state that the petitioner had "improperly br[ought] the claim of equitable estoppel as an affirmative cause of action," 644 A.2d at 1044, and in *Waterville Homes* and *Tarason*, the Court did emphasize that estoppel is only available as a defense, 589 A.2d at 457; 2005 ME 30, ¶ 16, 868 A.2d 230.

However, the Court has also indicated that equitable estoppel can be brought as an independent claim. *Salisbury v. Town of Bar Harbor*, 2002 ME 13, ¶ 16, 788 A.2d 598 (citing *Stewart v. Town of Sedgwick*, 2000 ME 157, ¶ 7, 757 A.2d 773, 776; *Baker's Table*, 2000 ME 7, ¶¶ 11, 14, 743 A.2d 237) ("When a claim of equitable estoppel is presented to the Superior Court as an independent action, as it was here, the Superior Court hears the matter as a plenary action, and does not act as an appellate body"). The Superior Court (*Walker, J.*) has noted the myriad of other Law Court cases supporting this proposition. *Dermer v. Pardi*, No. CV-17-249, 2017 Me. Super. LEXIS 265, at *2 (Nov. 11, 2017); *see generally Spring v. Bd. of Trs. of Me. Pub. Emps.*

6

*Ret. Sys.*, No. CV-10-63, 2011 Me. Super. LEXIS 105, at *4 -13 (June 9, 2011) (review of Maine cases).

In *Pike Industries v. City of Westbrook*, the Law Court discussed the validity of a consent decree that resolved a claim of equitable estoppel and stated that "[a] court exercising equity jurisdiction may, where the circumstances warrant, order that a municipality be equitably estopped from enforcing a valid zoning ordinance...." 2012 ME 78, ¶ 19, 45 A.3d 707 (quoting *City of Auburn v. Desgrosseilliers*, 578 A.2d 712, 714 (Me. 1990)). It has also affirmed dismissal of an equitable estoppel claim for failure to state sufficient facts, perhaps implying that an equitable estoppel claim could lie under different facts. *Kittery Retail Ventures, LLC v. Town of Kittery*, 2004 ME 65, ¶ 7, 856 A.2d 1183.[1]

Considering the lack of clarity on the issue, the Court also declines to dismiss Count II. A claim of estoppel requires "that (1) the statements or conduct of the [municipality] induced [petitioner] to act; (2) the reliance was detrimental; and (3) his reliance was reasonable." *Tarason*, 2005 ME 30, ¶ 15, 868 A.2d 230 (citing *Kittery Retail Ventures, LLC*, 2004 ME 65, ¶ 34, 856 A.2d 1183; *F.S. Plummer Co.*, 612 A.2d at 860). Where a party "seeks to prevent the enforcement of a zoning ordinance, he bears a significant burden." *Id.* (citing *F.S. Plummer Co.*, 612 A.2d at 856; *Desgrosseilliers*, 578 A.2d at 715).

The Makees argue their claim is based on the following facts, which they claim are sufficient to withstand a motion to dismiss. The Makees applied for and received permits to construct the accessory guest house on the Property from the CEO and began construction shortly

---

[1] The Superior Court (*O'Neil, Walker, Js.*) has at least twice quoted the First Circuit's statement that "Maine case law is unclear" on the issue. *BR2, LLC v. Inhabitants of Kennebunk*, No. AP-15-37, 2018 Me. Super. LEXIS 160, at *5 (Oct. 15, 2018) (quoting *Dermer*, 2017 Me. Super. LEXIS 265, at *2 (quoting *Grande v. St. Paul Fire & Marine Ins. Co.*, 436 F.3d 277, 279 n. 1 (1st Cir. 2006)). In both Superior Court cases, the Court stated that the "Law Court has not been the Oracle of Delphi as to the appropriate use of estoppel." *BR2*, 2018 Me. Super. LEXIS 160, at *5 (quoting *Dermer*, 2017 Me. Super. LEXIS 265, at *2). They also found "no intellectually principled reason to favor" equitable estoppel as a claim or defense. *Id.* (quoting *Dermer*, 2017 Me. Super. LEXIS 265, at *2).

thereafter. They claim they relied on the permits as properly issued by the CEO in beginning construction of the guest house and that their reliance was reasonable because of the CEO's experience and position. They argue their reliance was detrimental because the Town has revoked the permit, causing them uncertainty about the propriety of their construction. Although uncertainty is unlikely to be a sufficient detriment, the complaint states that the Town did revoke one of the Makees' permits. In the light most favorable to the claimants, these allegations are sufficient to survive a motion to dismiss because, even if equitable estoppel cannot stand as an independent claim, the Makees have stated a claim for promissory estoppel.[2] On these grounds, the Court denies the Motion to Dismiss.

The entry is:

> Parties'-in-Interest Motion to Stay is MOOT.
> Plaintiffs' Motion for Trial of the Facts is GRANTED IN PART and DENIED IN PART. Trial will be allowed on the limited issues set forth above.
> Defendants and Parties'-in-Interest Motion to Dismiss Count II is DENIED.
> The Court will schedule a status conference per the parties' 3/10/23 request.

The clerk is directed to enter this order on the docket by reference. M.R. Civ. P. 79(a).

Date: July 5, 2023

Deborah P. Cashman
Justice, Maine Superior Court

Entered on the Docket: 07/07/23

---

[2] In 1978, the Law Court adopted promissory estoppel as a cause of action based upon the Restatement (Second) of Contracts, § 90:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*Chapman v. Bomann*, 381 A.2d 1123, 1127 (Me. 1978); *see also, e.g., Panasonic Commc'ns & Sys. Co. v. State of Maine*, 1997 ME 43, ¶ 17, 691 A.2d 190, 195-96; *Spring*, 2011 Me. Super. LEXIS 105, at *33-4.